**FILED**
AUG 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD BARBER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **06 1533** |
| ) | |
| UNITED STATES ATTORNEY ) | **CV 606-090** |
| GENERAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### TRANSFER ORDER

This matter is before the Court on consideration of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interests of justice." In considering whether transfer would be proper, the court considers the following factors:

> [T]he convenience of the witnesses of plaintiff and defendant; ease of access to sources of proof; availability of compulsory processes to compel the attendance of unwilling witnesses; the amount of expense for the willing witnesses; the relative congestion of the calendars of potential transferor and transferee courts; and other practical aspects of expeditiously and conveniently conducting a trial.

*SEC v. Page Airways*, 464 F.Supp. 461, 463 (D.D.C. 1978). Even though a court typically should give deference to a plaintiff's choice of forum, it need give substantially less deference when the preferred forum is not his home forum. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981); *Boers v. United States*, 133 F.Supp.2d 64, 65 (D.D.C. 2001).

Plaintiff is a prisoner at a state prison in Georgia, and brings this action against the United States for its alleged failure to protect his rights. His claims appear to arise from the action of

United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER WHITTINGTON, Clerk
By _____
    Deputy Clerk

inaction of Georgia corrections officials and state courts. He demands declaratory judgment, injunctive relief, and monetary damages.

The events giving rise to plaintiff's complaint occurred in Georgia. At best, there is only a tenuous connection to this district because the named defendants have offices in this district. It is likely that most parties, witnesses and relevant evidence would be found in Georgia, not in the District of Columbia. In the interest of justice, the Court will transfer this action to the United States District Court for the Southern District of Georgia. Resolution of plaintiff's application to proceed *in forma pauperis* is left to the transferee court.

Accordingly, it is hereby

**ORDERED** that this action is **TRANSFERRED** to the United States District Court for the Southern District of Georgia.

SO ORDERED.

United States District Judge

Date: 8/15/06